**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
JOHNNY SEEMANN,

                                  Plaintiff,

           -against-                                                        **MEMORANDUM OF**
                                                                                   **DECISION & ORDER**
COASTAL ENVIRONMENTAL GROUP, INC.,          15-CV-2065(ADS)(AYS)

                                  Defendant.
-------------------------------------------------------------------X
-------------------------------------------------------------------X
COASTAL ENVIRONMENTAL GROUP, INC.,
                               Third-Party Plaintiff,

           -against-

GSI DISASTER SERVICES, INC.,

                               Third-Party Defendant.
-------------------------------------------------------------------X


**Tabak, Mellusi & Shisha**
*Attorneys for the Plaintiff*
29 Broadway
New York, NY 10006
       By: Jacob Shisha, Esq., Of Counsel

**Rubin Fiorella & Friedman, LLP**
*Attorneys for the Defendant and Third-Party Plaintiff*
292 Madison Avenue
11th Floor
New York, NY 10017
     By: Michael Evan Stern, Esq.
         Kristin Eileen Poling, Esq., Of Counsel

**Steven A. Berkowitz & Associates, P.C.**
*Attorneys for the Third-Party Defendant*
One Greentree Centre, Suite 201
Marlton, NJ 08053
      By: Ira Evan Dorfman, Esq., Of Counsel

**SPATT, DISTRICT JUDGE**

This case arises from injuries sustained by the Plaintiff Johnny Seemann ("Seemann") while working on a self-propelled barge named the Army 1. The Third-Party Defendant GSI Disaster Services, Inc. ("GSI") owned the barge and leased it to the Defendant and the Third-Party Plaintiff Coastal Environmental Group, Inc. ("Coastal") for the purpose of removing debris caused by Superstorm Sandy from the Edwin B. Forsythe National Wildlife Refuge in New Jersey. Coastal employed Seemann as a deck hand.

On April 13, 2015, Seemann commenced this action against Coastal pursuant to general maritime law and the Jones Act, 46 U.S.C. § 30104 (the "Jones Act") seeking damages for the injuries he suffered on account of Coastal's alleged negligence and the alleged unseaworthiness of the Army 1. He also seeks maintenance and cure benefits for his living and medical expenses.

On September 15, 2015, Coastal filed an amended third-party complaint (the "amended TPC") against the Third-Party Defendant GSI pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P. 14(c)) seeking indemnification and/or contribution from GSI in the event that Coastal is found liable for any damages arising out of Seemann's claims for unseaworthiness and maintenance and cure benefits.

Presently before the Court is (i) a motion by GSI to dismiss the amended TPC pursuant to Fed. R. Civ. P. 12(b)(6); and (ii) a motion by GSI pursuant to Fed. R. Civ. P. 11 for sanctions against Rubin Fiorella & Friedman, LLP ("Rubin Fiorella"), the law firm representing Coastal, and an award of attorneys' fees to GSI in the amount of fees it has incurred in responding to the amended TPC.

For the reasons set forth below, the Court finds that the impleader of GSI in this action pursuant to Rule 14(c) is improper and therefore dismisses the amended TPC on procedural grounds without prejudice; denies GSI's motion to dismiss as moot; and denies GSI's motion for sanctions.

# I. BACKGROUND

As noted, on April 13, 2015, Seemann filed a complaint in this Court against Coastal, his former employer, demanding a jury trial on two causes of action: a cause of action for damages labelled as a Jones Act negligence and unseaworthiness claim; and a cause of action for maintenance and cure benefits.

The complaint stated that "[j]urisdiction is predicated on 28 U.S.C. § 1331 pursuant to the Jones Act 46 U.S.C. § 30104, and under 28 U.S.C. § 1333 Admiralty and Maritime of Law of the United States pursuant to the doctrine of unseaworthiness and maintenance and cure."

In the complaint Seemann alleges that he "sustained injury to his right shoulder and back when he was caused to slip and fall on snow/ice while working on the deck of Army 1." Further, allegedly "[t]he cause of his injury was the negligence of the Army 1's owners and operators, in failing to provide salt and other deicing material or kitty litter that [Seemann] had previously requested."

On May 26, 2015, Coastal filed an answer generally denying the allegations in the complaint and stating, among other affirmative defenses, that Coastal did not own the vessel on which Seemann claims to have been injured and therefore, should not be held liable for Seemann's injury.

On July 15, 2015, Coastal filed its first third-party complaint against GSI pursuant to Fed. R. Civ. P. 14(c) alleging that GSI breached a lease agreement with Coastal by providing it with an unseaworthy vessel, and seeking indemnification from GSI in the event that Coastal is found liable to Seemann on his negligence and maintenance and cure claims.

In response, on August 24, 2015, GSI filed a motion to dismiss the first third-party complaint pursuant to Rule 12(b)(6).

On September 14, 2015, Coastal timely filed the amended TPC as a matter of course, again seeking to implead GSI into this action pursuant to Fed. R. Civ. P. 14(c), and asserting identical causes of action.

On September 25, 2015, GSI filed a motion for sanctions against Rubin Fiorella pursuant to Fed. R. Civ. P. 11 for allegedly filing a frivolous pleading.

On September 29, 2015, the Court, in light of Coastal's filing of the amended TPC, denied GSI Rule 12(b)(6) motion as moot.

On October 5, 2015, GSI filed a renewed motion to dismiss the amended TPC pursuant to Fed. R. Civ. P. 12(b)(6), alleging that Coastal failed to state a sufficient claim against GSI for breach of contract or indemnity.

On April 4, 2016, Jacob Shisha, Esq. ("Shisha"), counsel for Seemann, filed a letter motion requesting leave to file an amended complaint to include claims against GSI. In the letter, Shisha stated that that the complaint "did not designate [Seemann's] claim as a maritime claim under Fed. R. Civ. P. 9(h)," and as a result, he contended that Coastal's attempt to implead GSI by filing an amended TPC "may be technically deficient." He further asserted that he elected not to designate his claims as admiralty claims under Rule 9(h) because he did not want "to wiave [sic] his righ [sic] to a jury trial."

On April 5, 2016, Ira E. Dorfman, Esq. ("Dorfman"), an attorney for GSI, filed a letter opposing Seemann's request for leave to amend the complaint because he argued that Seemann failed to explain the rational for his new claims.

On April 6, 2016, the Court issued an order denying Seemann's letter motion to amend the complaint without prejudice and with leave to renew as a formal motion in compliance with Fed. R. Civ. P. 15, the Local Civil Rules, and this Court's Individual Rules.

Subsequently, the Court notes that Seemann has not filed a formal motion to amend his complaint.

## II. DISCUSSION

### A. As to Rule 14(c)

Under traditional third-party practice, after obtaining leave from the court, a defendant may pursuant to Rule 14(a) serve a third-party summons and complaint on a nonparty "who is or may be

4

liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a). "In other words, the third-party claim must be a claim over by the defendant for all or part of the defendant's liability, if any, to the plaintiff." Villafane Elec. Corp. v. Reliance Ins. Co., No. 02 CIV. 2682 (DC), 2004 WL 385041, at *1 (S.D.N.Y. Mar. 2, 2004) (Chin, J); see also Index Fund, Inc. v. Hagopian, 417 F. Supp. 738, 743-44 (S.D.N.Y. 1976) ("Defendant's right to sue derives from the right of plaintiff asserted in the main action. The third-party defendant's liability must be derivative of or secondary to that of the third-party plaintiff who is the defendant in the main action.").

However, and importantly, impleader of a third-party under Rule 14(a) "does not automatically establish a direct relationship between plaintiff and the third-party defendant upon the assertion of a third-party claim." § 1465 Admiralty and Maritime Claims, 6 Fed. Prac. & Proc. Civ. § 1465 (3d ed.). Thus, "a judgment against the third-party defendant under Rule 14(a) must inure to the benefit of the third-party plaintiff, and not the original plaintiff." Id. at § 1446; see also Admin. Comm. of Wal-Mart Associates Health & Welfare Plan v. Willard, 216 F.R.D. 511, 513-14 (D. Kan. 2003) ("Although Rule 14 was designed to reduce multiplicity of litigation, the principle of secondary or derivative liability is central. Therefore, a defendant may not contend that another person is liable directly to the plaintiff. Rather, the rule allows a defendant to bring in parties if liability may be passed on to the impleaded third-party. The burden of proving that impleader is proper rests on the third-party plaintiff.").

By contrast, in admiralty cases third-party practice is more liberal. Specifically, Fed. R. Civ. P. 14(c)(1) states:

> If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable — either to the plaintiff or to the third-party plaintiff — for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

Fed. R. Civ. P. 14(c)(1).

If a defendant successfully impleads a third-party pursuant to Rule 14(c)(1), then the defendant may "demand judgment in the plaintiff's favor against the third-party defendant," and the third-party

5

defendant, "must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff." Id. at 14(c)(2).

In other words, under Rule 14(c)(2), "a defendant-third-party plaintiff in an admiralty suit can require . . . that a third-party defendant make his defense directly to the claim of the plaintiff as well as to that of the third-party plaintiff." Peter Fabrics, Inc. v. S.S. Hermes, 765 F.2d 306, 313 (2d Cir. 1985). "Rule 14(c) thus differs from Rule 14(a) in which the third-party defendant answers only the third-party complaint." Campbell Indus., Inc. v. Offshore Logistics Int'l, Inc., 816 F.2d 1401, 1406 (9th Cir. 1987). That is, "[w]hen the admiralty defendant elects to require the third-party defendant to answer the plaintiff's complaint directly, the court treats the action as if the plaintiff had commenced it against the defendant and third-party defendant jointly." Id. (citing Riverway Co. v. Trumbull River Services, Inc., 674 F.2d 1146, 1154–55 (7th Cir. 1982)). Accordingly, "[t]he significance of Rule 14(c) is that it permits the plaintiff to obtain relief directly from the third-party defendant, cutting out the middleman, the third-party plaintiff." Greenwell v. Aztar Indiana Gaming Corp., 268 F.3d 486, 494 (7th Cir. 2001).

Of importance, to take advantage of the special procedures afforded to admiralty defendants under Rule 14(c), the plaintiff must have "assert[ed] an admiralty or maritime claim under Rule 9(h)." Fed. R. Civ. P. 14(c)(1).

Rule 9(h), in turn, states:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

Fed. R. Civ. P. 9(h).

The purpose of Rule 9(h) is to enable the plaintiff to notify his opponent and the court that he's invoking the special admiralty rules, such as Rule 14(c), 38(e), and 82, in situations where the plaintiff

6

could rely on a basis of subject matter jurisdiction aside from admiralty and proceed with his or her case under the ordinary civil rules. See Greenwell, 268 F.3d at 493-94 ("The purpose [of Rule 9(h)] is to enable the plaintiff to notify his opponent and the court that he's invoking those [special admiralty rules], . . . , when, having another basis for federal jurisdiction, he could just rely on the ordinary civil rules. If he doesn't so indicate, by means of the statement or otherwise, . . . , the case proceeds under the ordinary civil rules."); Rule 9(h) Advisory Committee Note to the 1966 Amendment (noting that the purpose of Rule 9(h) was to provide a "device for preserving the present power of the pleader to determine whether these historically maritime procedures shall be applicable to his claim or not; the pleader must be afforded some means of designating his claim as the counterpart of the present suit in admiralty, where its character as such is not clear."). As described below, this designation becomes particularly important in situations where, as here, the plaintiff can choose to proceed with his claims under admiralty jurisdiction, where he is generally not entitled to a jury trial, or to proceed with his or her claims under a different basis of jurisdiction, such as diversity or federal question jurisdiction, where he or she would be entitled to a jury trial. In that scenario, a Rule 9(h) designation gives the Court and the opponent notice as to how the plaintiff plans to try his admiralty claims.

Thus, Rule 14(c) may be invoked "whenever the original plaintiff's claim is specifically identified in the complaint as one in admiralty pursuant to Rule 9(h) or automatically when there is no alternative basis for federal subject-matter jurisdiction over the action." § 1465 Admiralty and Maritime Claims, 6 Fed. Prac. & Proc. Civ. § 1465 (3d ed.); see also Price v. Atl. Ro-Ro Carriers, 45 F. Supp. 3d 494, 511-12 (D. Md. 2014) ("[W]hile a plaintiff asserting a claim within the court's exclusive admiralty jurisdiction automatically triggers Rule 14(c) without any express designation, a plaintiff who asserts a claim cognizable in both an admiralty and non-admiralty basis must make an affirmative designation — that is, some identifying statement in his complaint or subsequent pleadings — before defendants may use Rule 14(c)."); Marmac, LLC v. Reed, 232 F.R.D. 409, 413 (M.D. Fla. 2005) ("Thus, under Rule 9(h), if the plaintiff's claim is cognizable only in admiralty, no specific

identifying statement is necessary . . . . However, where the complaint shows that the district court has jurisdiction both on the grounds of admiralty as well as some other basis of federal jurisdiction, the plaintiff must provide an identifying statement as provided for in Rule 9(h) in order to 'be entitled to the special benefits afforded to admiralty litigants under the Federal Rules of Civil Procedure and the Supplemental Rules . . . .'") (quoting Harrison v. Glendel Drilling Co., 679 F. Supp. 1413, 1418 (W.D. La. 1988)); Sanders v. Seal Fleet, Inc., 998 F. Supp. 729, 734 (E.D. Tex. 1998) ("If the claim is one that is recognizable only in admiralty, then the claim is one brought in admiralty or maritime law, whether identified as such or not. Id. However, where an alternative ground for jurisdiction exists, such as federal question jurisdiction under 28 U.S.C. § 1331, then the plaintiff must be very clear that admiralty jurisdiction is being invoked."); Banks v. Hanover S.S. Corp., 43 F.R.D. 374, 376–77 (D. Md. 1967) ("An allegation that the claim is within the admiralty and maritime jurisdiction does not automatically make it an admiralty and maritime claim, within the meaning of Rule 9(h), if the claim is also within the jurisdiction of the district court on some other ground. A statement identifying the pleading as an admiralty and maritime claim is necessary.") (emphasis in original).

If the plaintiff does not designate his claims as admiralty claims under Rule 9(h), then Rule 14(c) is not available to the defendant, and the defendant can seek to implead the third-party under general impleader practice pursuant to Rule 14(a) or institute a separate action.

In the present case, Coastal seeks to implead GSI pursuant to Rule 14(c) instead of using Rule 14(a) so that the action proceeds as if Seemann had sued both GSI and Coastal. In order to properly invoke this special procedure, the Court must then determine whether Seemann adequately designated his claims against Coastal under Rule 9(h).

To determine whether a plaintiff adequately designated an admiralty or maritime claims pursuant to Rule 9(h), courts look to the totality of circumstances. See Bodden v. Osgood, 879 F.2d 184, 186 (5th Cir. 1989) ("[T]he totality of the circumstances in this case leads us to conclude that Bodden's complaint did not properly invoke the district court's admiralty jurisdiction."); Price, 45 F.

Supp. 3d at 512 ("Although some disagreement exists on what constitutes an adequate Rule 9(h) designation . . . . courts generally will consider the totality of the circumstances, which includes the plaintiff's pleadings and actions.") (citations omitted).

However, one important factor in determining whether a plaintiff has designated a claim under Rule 9(h) is whether he or she demanded a jury trial. See M-Cubed LLC v. Maersk Line Ltd., 374 F. App'x 701, 702 (9th Cir. 2010) (finding that the plaintiff failed to adequately designate his claim under Rule 9(h) because, among other things, "M-Cubed's complaint made a jury demand, which would not be available in admiralty"); Concordia Co. v. Panek, 115 F.3d 67, 72 (1st Cir. 1997) ("One important factor in determining whether a claimant has elected to proceed in admiralty is whether he demanded a jury trial.").

That is because a jury trial is generally not available for admiralty claims. See Mayer v. Cornell Univ., 107 F.3d 3 (2d Cir. 1997) ("[J]ury trials are not available in admiralty actions[.]"); Mayer v. Cornell Univ., Inc., 909 F. Supp. 81, 85 (N.D.N.Y. 1995) ("Plaintiff Mayer is not entitled to a jury trial, therefore, because jury trials are not available in admiralty actions."). Thus, courts have held that demanding a jury trial is inconsistent with an intent to designate a claim as a maritime claim under Rule 9(h) and to invoke admiralty jurisdiction. Price, 45 F. Supp. 3d at 512 ("A plaintiff's demand for a jury trial, for instance, is inconsistent with an intent to proceed in admiralty."); Lewis, 812 F. Supp. at 628 ("In this action, Lewis did demand trial by jury which, of course, is inconsistent with an intent to proceed in admiralty.").

For example, in Price, *supra*, a longshoreman brought negligence claims against the owners and operators of a ship under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. ("LHWCA") for injuries he sustained while he was operating a fork lift. 45 F. Supp. 3d at 499. The defendants filed a third-party complaint against the company responsible for maintaining the fork lifts. Id. Both parties agreed that the plaintiff's claim invoked both federal question jurisdiction and admiralty jurisdiction. Id. at 512. However, the third-party defendant argued that Rule 14(c)

impleader was improper because the plaintiff had not adequately designated his claim as an admiralty claim under Rule 9(h). Id. at 513. The defendants argued that Rule 14(c) was satisfied because the plaintiff stated in his complaint that this was "an action under the General Maritime Law of the United States." Id. at 512.

The district court in Price agreed with the third-party defendant and found that the plaintiff did not make a sufficient designation under Rule 9(h) to implead the third-party defendant under Rule 14(c). Id. at 513. In so doing, the court noted that "[e]ven assuming [the plaintiff's] lone mention of admiralty law in the prayer for relief w[as] a sufficient designation, the rest of [plaintiff's] conduct belies an intent to proceed in admiralty." Id. Specifically, the court found that the plaintiff initially brought his claims in state court and did not categorize them as admiralty claims, nor did he object when the defendants removed the claim to federal court solely on the basis of diversity jurisdiction. Id. Finally, and according to the court, "most importantly," the plaintiff demanded a jury trial. Id. The court reasoned that "[i]n seeking a procedure unavailable to plaintiffs proceeding in admiralty, the [plaintiff] could not reasonably be pressing an admiralty claim." Id. As such, the court found that the plaintiff had not designated his claim as an admiralty claim under Rule 9(h) and therefore could not implead the third-party defendant under Rule 14(c). Id.

Other courts have held similarly under analogous circumstances. See M-Cubed LLC, 374 F. App'x at 702 (9th Cir. 2010) ("In the case before us, M-Cubed did not designate its claim as an admiralty claim. Furthermore, M-Cubed's complaint made a jury demand, which would not be available in admiralty. See Fed. R. Civ. P. 38(e). M-Cubed's jurisdictional statement also clearly referenced the diversity and amount in controversy requirements of a case brought at law."); Wingerter v. Chester Quarry Co., 185 F.3d 657, 666 (7th Cir. 1998) ("In the original, First Amended, and Second Amended Complaints, Wingerter asserted jurisdiction under the Jones Act, 46 U.S.C. § 688, and ;General Admiralty and Maritime Law,' demanded a trial by jury, and made no reference to Rule 9(h). Under those circumstances, it is not certain that the district court's admiralty jurisdiction was

invoked."); Borne v. A & P Boat Rentals No. 4, Inc., 755 F.2d 1131, 1133 (5th Cir. 1985) ("Borne prayed for trial by jury, he did not invoke admiralty jurisdiction and made no reference to Fed. R. Civ. P. 9(h) . . . . The admiralty exception offers no surcease.").

Here, Seemann asserts a claim under the Jones Act for negligence; and claims under general maritime law for the alleged "unseaworthiness" of the Army 1 and for maintenance and cure obligations. A Jones Act claim confers federal subject matter jurisdiction under 28 U.S.C. § 1331 because the Jones Act is a federal statute. Thus, the Court has the power to exercise federal subject matter jurisdiction over the Plaintiff's Jones Act claim and supplemental jurisdiction over the Plaintiff's unseaworthiness and maintenance and cure claims because those claims all arise from the same case or controversy as the Jones Act claim. In this scenario, Seemann may be entitled to a jury trial for all of his claims. See Fitzgerald v. U.S. Lines Co., 374 U.S. 16, 20, 83 S. Ct. 1646, 10 L.Ed.2d 720 (1963) ("[W]e hold that a maintenance and cure claim joined with a Jones Act claim must be submitted to the jury when both arise out of one set of facts."); Romero v. Int'l Terminal Operating Co., 358 U.S. 354, 380, 79 S. Ct. 468, 484, 3 L. Ed. 2d 368 (1959) (noting that a court may have pendent jurisdiction over plaintiff's general maritime law claims for unseaworthiness and maintenance and cure claims as related to a Jones Act claim); Maersk, Inc. v. Neewra, Inc., 687 F. Supp. 2d 300, 342 (S.D.N.Y. 2009) ("[W]hen admiralty claims are joined in an action with legal claims that normally carry the right to a jury trial, the court may properly submit all claims to a jury.").

However, Seemann's Jones Act claim, as well as his claims for unseaworthiness and maintenance and cure benefits, might also invoke the admiralty jurisdiction of this Court pursuant to 28 U.S.C. § 1333. That is because all three of these claims arise from a tort, and the Second Circuit has ruled that "a tort falls within the federal courts' admiralty jurisdiction,' if the tort 'occurred on or over 'navigable waters.'" Vasquez v. GMD Shipyard Corp., 582 F.3d 293, 298 (2d Cir. 2009) (citing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 531–32, 115 S.Ct. 1043, 130 L.Ed.2d 1024 (1995)). In addition, to invoke admiralty jurisdiction, "the activity giving rise to the

incident must have had a substantial relationship to traditional maritime activity, such that the incident had a potentially disruptive influence on maritime commerce." Id. (citation omitted). If the Court were to find that Seemann's claims did invoke the Court's admiralty jurisdiction, then he would not be entitled to a jury trial on those claims. See Complaint of Berkley Curtis Bay Co., 569 F. Supp. 1491, 1493 (S.D.N.Y. 1983) ("However, claims in admiralty, for which Section 1333 supplies jurisdiction, have been traditionally tried to the court and are not entitled to jury trial.").

Here, the complaint is not entirely clear as to whether Seemann intends to invoke federal question jurisdiction or admiralty jurisdiction over his claims. He does not designate his claims as admiralty claims pursuant to Rule 9(h). His complaint further adds to the confusion by stating, "Jurisdiction is predicated on 28 U.S.C. § 1331 Federal question pursuant to the Jones Act 46 U.S.C. § 30103, and under 28 U.S.C. § 1333 Admiralty and Maritime Law of the United States pursuant to the doctrine of unseaworthiness and maintenance and cure." Thus, the complaint appears to invoke both federal and admiralty jurisdiction.

However, notwithstanding his reference to admiralty law, Seemann demands a jury trial, which as discussed above, courts have found to show an intent on the part of the plaintiff not to proceed under admiralty jurisdiction because jury trials are not available when proceeding in admiralty. Furthermore, in Shisha's April 4, 2016 letter motion to amend his complaint, Shisha explained that Seemann chose not to designate his claims under Rule 9(h) "intentionaly [sic]" because Seemann did not want to "wiave [sic] his righ [sic] to a jury trial."

Based on this evidence, the Court finds that Seemann did not intend to designate his claims as admiralty claims under Rule 9(h) but rather intended to proceed under federal question jurisdiction so that he would be entitled to a jury trial. Therefore, in the Court's view, Coastal's attempt to implead GSI under Rule 14(c) was procedurally improper, and the amended TPC is dismissed without prejudice for that reason. See Price, 45 F. Supp. 3d at 513 ("Price did not make a sufficient

designation under Rule 9(h). Accordingly, defendants' attempt to implead Rukert under Rule 14(c) is improper.").

In light of the Court's dismissal of the amended TPC as procedurally improper, the Court denies GSI's Rule 12(b)(6) motion to dismiss as moot. The Court further notes that its decision does not preclude Coastal from proceeding with its own third-party action against GSI for contribution under Rule 14(a). Nor does it preclude Seemann from formally moving for leave to file an amended complaint to add a claim against GSI and make clearer whether he intends to proceed with his claims under admiralty or federal question jurisdiction. Indeed, the Court encourages Seemann to do so given that filing an amended complaint adding GSI as a Defendant might render a third-party action not necessary and may avoid some further motion practice.

## **B. As to the Rule 11 Motion**

GSI also moves pursuant to Fed. R. Civ. P. 11 for sanctions against Rubin Fiorella for filing what they contend to be a frivolous third-party complaint on behalf of Coastal against GSI.

Rule 11(b)(2) states, "By presenting to the court a pleading, written motion, or other paper — whether by signing, filing, submitting, or later advocating it — an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . . the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."

Rule 11(c)(1), in turn, provides, "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation."

The standard for granting such a motion is high. For instance, "[t]he fact that a legal theory is a long-shot does not necessarily mean it is sanctionable." Fishoff v. Coty Inc., 634 F.3d 647, 654 (2d Cir. 2011). Instead, "[t]he operative question is whether the argument is frivolous, i.e., the legal

13

position has 'no chance of success,' and there is 'no reasonable argument to extend, modify or reverse the law as it stands.'" Id. (quoting Morley v. Ciba–Geigy Corp., 66 F.3d 21, 25 (2d Cir. 1995)); see also W.K. Webster & Co. v. Am. President Lines, Ltd., 32 F.3d 665, 670 (2d Cir. 1994) ("A pleading, motion or other paper violates Rule 11 either when it 'has been interposed for any improper purpose, or where, after reasonable inquiry, a competent attorney could not form a reasonable belief that the pleading is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law.'") (quoting Eastway Constr. Corp. v. City of New York, 762 F.2d 243, 254 (2d Cir. 1985)).

In support of its motion for sanctions, GSI merely repeats the arguments that it advanced in its motion to dismiss — namely, that it cannot be held liable for a breach of the implied covenant of seaworthiness because it operated a bareboat charter, and the presence of ice on the boat was insufficient to establish liability for unseaworthiness under general maritime law.

The Court did not rule on the merits of GSI's Rule 12(b)(6) arguments or the sufficiency of Coastal's claims. Rather, it dismissed the amended TPC without prejudice solely for a procedural defect that was far from obvious and not even raised by GSI as a reason for dismissal. Thus, the Court's *sua sponte* dismissal of the amended TPC on procedural grounds clearly does not provide a basis for sanctions. See Karla Otto, Inc. v. Rivoli Creation, S.A.S., No. 13 CIV. 0483 (JGK), 2014 WL 6910546, at *1 (S.D.N.Y. Dec. 5, 2014) ("There is no basis for Rule 11 sanctions, particularly in view of the fact that the jurisdictional defect was raised by the Court *sua sponte* after the motion to dismiss was briefed on other bases.");

Furthermore, even a cursory reading of Coastal's amended TPC, as well as its opposition to GSI's Rule 12(b)(6) motion, indicates that Coastal's claims are apparently well-supported by case law and by well-pled allegations in the third-party complaint. While GSI may disagree with Coastal's arguments, that disagreement does not, without more, show that Coastal's complaint is utterly devoid of factual or legal support, particularly given the early stage of this litigation. GSI's sufficiency

14

arguments are better addressed in its Rule 12(b)(6) motion rather than repeated in the context of a Rule 11 motion. See E. Gluck Corp. v. Rothenhaus, 252 F.R.D. 175, 179 (S.D.N.Y. 2008) ("Rule 11 motions should not be used 'to test the legal sufficiency or efficacy of allegations in the pleadings; other motions are available for those purposes.'") (quoting Rule 11 Advisory Committee Note to the 1993 amendments); Safe-Strap Co. v. Koala Corp., 270 F. Supp. 2d 407, 416 (S.D.N.Y. 2003) (noting that "the Advisory Committee Notes for Rule 11 . . . expressly state that Rule 11 motions are not to be employed as devices to test the legal sufficiency of allegations in the pleadings since other motions are available for those purposes."); Jawbone, LLC v. Donohue, No. 01 CIV. 8066 (CSH), 2002 WL 1424587, at *8 (S.D.N.Y. June 28, 2002) (denying a motion for sanctions because the parties' "numerous submissions in connection with their cross-motions for sanctions have served primarily to repeat and elaborate on the arguments made in the principal exchange of motions").

Therefore, the Court denies GSI's Rule 11 motion for sanctions because it finds that its arguments in support of that motion are duplicative of its arguments in support of its Rule 12(b)(6) motion, which fall well-short of establishing that the amended TPC is frivolous as a matter of law. The Court notes that in future filings with this Court, GSI should use Rule 11 sparingly and only in extraordinary circumstances. If GSI files additional duplicitous and repetitive Rule 11 motions, the Court may impose sanctions on GSI and its counsel for needlessly multiplying submissions made to the Court.

### III. CONCLUSION

For the foregoing reasons, the amended TPC is dismissed without prejudice as procedurally improper; GSI's Rule 12(b)(6) motion is denied as moot; and GSI's Rule 11 motion is denied.

The Court notes that nothing in this decision precludes Coastal from filing a third-party action against GSI under Rule 14(a). Nor does this decision preclude Seemann from filing a formal motion to amend the complaint to add GSI as a named Defendant in this action.

**SO ORDERED**
Dated: Central Islip, New York
July 2, 2016

                                                  */s/ Arthur D. Spatt*
                                                  ARTHUR D. SPATT
                                            United States District Judge